[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON ATTORNEYS PRESENTMENT
THE PRESENTMENT
In this presentment, the presenting authority (SGC) alleges that the respondent engaged in conduct prejudicial to the administration of justice in violation of Rule 8.4(4) and 8.4(1).
The burden of proof on a presentment is that of clear and convincing evidence.
The specific violations pertain to his allegedly having knowledge of and/or assisting others in the preparation of a general release. That release provided for payment to an alleged victim in consideration of the alleged victims refusing to testify against a criminal defendant. That defendant was being represented by the respondent and his associate.
 DISCUSSION
Though the court believes the complainant in this matter, that the respondent participated in the representation of her son and received a $1000 retainer from her, the evidence in support of the violations is not conclusive.
Letters from the victim's attorney, Exhibits D and E, for example, would strongly suggest the respondent was involved in settlement discussions with the victim's attorney and that he was aware that the victim was stalling the criminal investigation to give respondent's client an opportunity to settle his tort claim.
However, the attorney for the victim testified before the court that he had dealt exclusively with the respondent's associate and that the letters were addressed to the respondent because he was a senior member of the bar and he had discussed the case with him originally. He assumed the letters were turned over to the associate. CT Page 4368
Even if this explanation were to be rejected, these letters can be read as the victim's efforts to stall the prosecution and they do not spell out the sordid details later incorporated into the release.
The complainant stated that she expected that once a payment was made to the victim, the matter would "go civil," and the criminal case would be dismissed. This could be part of a proper disposition with participation by court and prosecutor.
The complainant stated she did not think the victim was "looking to cooperate" with the state. She expected him to take the money and not testify, but he never responded to requests to speak to her lawyers either. And, this witness could not recall any specific language her lawyers discussed for insertion in the release.
 CONCLUSION
In light of the lack of evidence directly linking the respondent to the offensive language in the release, the court concludes that the presenter has not sustained its burden and the presentment is dismissed.
 Anthony V. DeMayo Judge Trial Referee
CT Page 4369